IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

v.

MICHAEL PHILIP STRANGE

*Defendant*.

Criminal Action No. ELH-15-00584

**MEMORANDUM**

This Memorandum addresses a motion filed by defendant Michael Philip Strange, seeking early termination of his supervised release.

Defendant was indicted on November 10, 2015, and charged with multiple offenses relating to child pornography, including three counts of distribution, in violation of 18 U.S.C. §§ 2252(a)(2) and 2256. *See* ECF 1. He was placed on pretrial release, with conditions, on December 23, 2025. ECF 19, ECF 20.

On February 29, 2016, pursuant to a Plea Agreement (ECF 33), Strange entered a plea of guilty to Count One, charging distribution of child pornography. *See* ECF 32. The offense carries a mandatory minimum term of imprisonment of five years. *See* 18 U.S.C. § 2252(b)91). The plea was tendered under Fed. R. Crim. 11(c)(1)(C). *See* ECF 33, ¶ 9. Of relevance, the parties agreed that a sentence of no more than 84 months of imprisonment was the appropriate disposition. *Id.* The parties did not include an agreed upon term of supervised release. *See* ECF 33.

Sentencing was held on June 10, 2016. ECF 47. The Court sentenced defendant to 70 months of imprisonment, with credit from November 12, 2015 through December 28, 2015. ECF 48 ("Judgment"). The statute of conviction requires a term of supervised release ranging from five

years to life. *See* 18 U.S.C. § 3583(k); U.S.S.G. § 5D1.2(b)(2). The Court ordered 25 years of supervised release, which included numerous "Additional Conditions." *Id.* at 4.

Defendant's supervision began in July 2021. *See* ECF 69 at 2. By motion of April 20, 2026, defendant filed a "Request for Early Termination of Supervised Release." ECF 64 ("Motion"). He also submitted several character references. The government opposes the request. ECF 66. In addition, United States Probation and Pretrial Services ("U.S.P.O.") opposes the request. ECF 69. Mr. Strange has replied. ECF 67; ECF 68.

No hearing is necessary to resolve the Motion. Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

## I.

Pursuant to the Sentencing Guidelines ("U.S.S.G." or "Guidelines"), defendant had a final offense level of 30 and a criminal history category of I. ECF 37 ("Presentence Report" or "PSR"), ¶¶ 32, 35; ECF 49 ("Statement of Reasons"). His advisory Guidelines range called for a sentence ranging from 97 to 121 months of imprisonment. ECF 37, ¶ 59. As noted, defendant faced a mandatory minimum term of five years of imprisonment and a minimum of five years of supervised release, with a maximum of lifetime supervision. Although the C plea provided for a sentence of no more than 84 months of incarceration, the Court sentenced the defendant to a term of 70 months of imprisonment. In addition, the Court imposed a term of 25 years of supervised release. ECF 48. Defendant was allowed to self-surrender. *Id.* at 2.

Defendant, who was born in October 1959, entered onto supervised release on July 21, 2021. During the early period of defendant's supervised release, the probation agent filed two reports of defendant's alleged noncompliance with conditions of supervised release. *See* ECF 60, ECF 62. For example, defendant allegedly used internet-capable devices in September 2021,

without permission, to view pornography. ECF 60. But, as a condition of supervised release, he was not permitted to use any internet-capable devices without the prior permission of U.S.P.O. On another occasion, in October 2021, he admitted during polygraph testing to the use of a hidden computer to view pornography. ECF 62. At the request of the agent, no action was taken as to either alleged violation.

In the Motion, defendant argues that "[f]or more than four years, he has "remained in full compliance with every condition of supervised release." ECF 64 at 1. He acknowledges, however, that several "'no-action' reports" were filed. *Id.* Among other things, defendant completed sex offense treatment in October 2024. *Id.* at 2. In addition, he points to stable employment since April 2021. *Id.*; *see* ECF 67. He also references his stable housing. ECF 64 at 2.

U.S.P.O. opposes the request. ECF 69. U.S.P.O. explains that its position is "[d]ue to the nature and circumstances of Mr. Strange's instant offense . . . ." *Id.* at 2.

The government also opposes the Motion. ECF 66. It asserts, *id.* at 2: "Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination." *Id.* The government adds, *id.* at 3: "While the defendant's apparent compliance while under supervision to date is admirable, it does not justify termination of 75% of his period of supervision." Moreover, the government posits that individuals who commit crimes of sexual exploitation of children often need longer terms of supervised release because of the high rates of recidivism."

In his reply (ECF 67), defendant disputes that his request is merely based on his compliance with the terms of his supervised release. *Id.* at 2. Moreover, he points out that his record "contains no hint of exploitation or contact behavior." *Id.* And, he contends that offenders such as defendant have some of the lowest recidivism rates "in the federal system." *Id.* But *see United States v.*

3

*Hayes*, 445  F.3d 536, 537 (2d Cir. 20026) (citing Congress's finding that "studies have shown sex offenders are four times more likely than other violent criminals to recommit their crimes," and that "recidivism rates do not appreciably decline as offenders age" as support for upholding a supervised release term for a defendant convicted of sexually abusing a minor).

Further, defendant challenges the government's assertion that recidivism of sex offenders does not decline with age.  ECF 67 at 3.  He asserts, *id.*:  "While recidivism is a legitimate concern, the government does not address the individualized evidence in [this] case:  multi-year PLRA assessments showing zero sexual-risk indicators, successful treatment completion, and a stable, violation-free supervision history.[]"  Moreover, defendant notes that 18 U.S.C. § 3583 (e)(1) does not impose a minimum percentage of supervision that must be served."  *Id.* at 4.[1]

## II.

Supervised release is "a post-incarceration program intended 'to assist individuals in their transition to community life.'"  *United States v. McLeod*, 972 F.3d 637, 641 (4th Cir. 2020) (quoting *United States v. Johnson*, 529 U.S. 53, 59 (2000)).  "'[T]he primary goal [of supervised release] is to ease the defendant's transition into the community after the service of a long prison term . . . or to provide rehabilitation to a defendant who has spent a fairly short period in prison . . . but still needs supervision . . . .'"  *United States v. Lewis*, 90 F.4th 288, 294 (4th Cir. 2024) (citation omitted).  Supervised release "essentially amounts to a *conditional* and *partial* release" from incarceration.  *Id.* (emphasis in *Lewis*).

Punishment is not "an appropriate reason" to impose supervised release.  *Lewis*, 90 F.4th at 294.  Rather, supervised release "fulfills rehabilitative ends, distinct from those served by

---

[1] Defendant does not address the statutory minimum term of supervised release, which he has not yet completed.

incarceration." *Johnson*, 529 U.S. at 59.  In imposing supervised release, the court must consider, *inter alia*, the defendant's history and characteristics and the need to deter criminal conduct.  *Lewis*, 90 F.4th at 295.

The Motion implicates 18 U.S.C. § 3583(e)(1).  It provides the District Court with authority to grant early termination of supervised release if, in the court's discretion, the relief is appropriate and in the interest of justice.  It states:

> The court may, after considering the factors set forth in section 3553(a)(1),(a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) —
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

In sum, under 18 U.S.C. § 3583(e)(1), a court, after considering the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), may terminate a defendant's term of supervised release at any time after the expiration of one year of supervision, if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  *See United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999).

In assessing whether a defendant has met that burden, a court must consider:

(1) the nature and circumstances of the offense and the defendant's history and characteristics, 18 U.S.C. § 3553(a)(1);

(2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);

(3) the kinds of sentence and sentencing range established for the defendant's crimes, § 3553(a)(4)(A);

(4) pertinent policy statements issued by the United States Sentencing Commission, § 3553(a)(5);

(5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and

(6) the need to provide restitution to any victims of the offense, § 3553(a)(7).

Effective November 1, 2025, the Guidelines were amended as to the imposition, modification, termination, and revocation of supervised release.  Of relevance here, the Amendment created a new section, § 5D1.4.  Section 5D1.4(b) provides:

> (b) EARLY TERMINATION.—Any time after the expiration of one year of supervised release and after an individualized assessment of the need for ongoing supervision, the court may terminate the remaining term of supervision and discharge the defendant if the court determines, following consultation with the government and the probation officer, that the termination is warranted by the conduct of the defendant and in the interest of justice.  See 18 U.S.C. § 3583(e)(1).

The Commentary includes factors that a court may want to consider in determining whether early termination is appropriate:

> (B)  **Early Termination.**—When determining whether to terminate the remaining term of supervised release under subsection (b), the court may wish to consider such factors as:
>
> (i)   any history of court-reported violations over the term of supervision;
>
> (ii)  the ability of the defendant to lawfully self-manage (e.g., the ability to problem-solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges);
>
> (iii) the defendant's substantial compliance with all conditions of supervision;
>
> (iv)  the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision;
>
> (v)   a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and
>
> (vi)  whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any

statements or information provided by the victims of the offense, and other factors the court finds relevant.

Here, defendant committed a very serious offense. *See* 18 U.S.C. § 3553(a)(1). The Plea Agreement contains a Stipulation of Facts that sets forth the gravity of the crime. ECF 33 at 9-10. The government asserts that defendant had "at least 150 videos of disturbing child pornography." ECF 66 at 3.

Defendant points out that he personally had no contact with the prepubescent minors in the collection of child pornography that he distributed. The fact that defendant did not touch the children does not diminish the seriousness of the offense; the videos reveal real children who were subjected to unthinkable sexual abuse. Defendant's conduct helps to generate a market for and interest in such abuse.

To be sure, defendant now claims to be doing very well on supervised release. I applaud his progress. But, supervision undoubtedly has helped guide defendant to the right path and to remain there. He almost says as much.

In any event, conduct consistent with compliance is consistent with the expectations and conditions of supervised release. *See*, *e.g.*, *United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D. N.Y. 2015) (recognizing that "'full compliance with the terms of supervised release is what is expected of the defendant and does not warrant early termination'") (citation omitted); *Folks v. United States*, 733 F. Supp. 2d 649, 651-52 (M.D. N.C. 2010) (recognizing that although compliance with supervised release conditions is "commendable," it is "what is required . . . and is not a basis for early termination of [defendant's] supervised release"); *United States v. Guillatt*, 2005 WL 589354, *1 (E.D. Pa. 2005) ("The conduct cited by defendant is commendable. However, it is nothing more than what is required under the terms of defendant's probation."). If mere compliance with the terms of the court's supervision were sufficient to merit early

termination, "the exception would swallow the rule." *Id.*; *see also United States v. Lohman*, 2007 WL 1430282, *1 (E.D. Wis. 2007) (holding that if simple compliance were sufficient for early termination, "every defendant who avoided revocation would be eligible for early termination").

The government cites the decision of then Chief Judge Bredar in *United States v. Friedman*, JKB-15-0019. The defendant there had been charged with one count of distribution of child pornography and four counts of possession of child pornography. *Id.*, ECF 1. On May 11, 2015, he pleaded guilty to two counts of possession of child pornography. *Id.*, ECF 22. And, on July 31, 2015, he was sentenced to 24 months of imprisonment and 20 years of supervised release. *Id.*, ECF 40. The defendant, through counsel, moved for early termination of supervised release after he completed the statutory minimum of five years of supervised release. ECF 53. *Id.*, ECF 53. Judge Bredar said, in part, *id.*, ECF 56 at 1:

> While the Court congratulates the Defendant on the success that he has evidently achieved while on supervised release to date, it is not inclined to terminate the supervised release term previously imposed after expiration of just one quarter of that term. In addressing child pornography offenses, Congress has recognized the uniqueness of this category of crimes and they have specially authorized the imposition of lengthy supervised release terms upon child pornography defendants. Recidivism is a legislative concern. It is one the Court shares.

The court added, *id.* at 1-2:

> The Court finds that its responsibilities to protect the public from further crimes of the Defendant and to insure that the Defendant continues to receive appropriate counseling and treatment weigh heavily in favor of the Defendant's remaining on supervised release, and this in spite of the extensive information in mitigation supplied in the instant motion.

It would be difficult to improve on Judge Bredar's well stated rationale for denying early termination in the *Friedman* case. The same rationale applies here.

The Court's primary focus here concerns 18 U.S.C. § 3553(a)(1). As I see it, public safety weighs heavily, along with the factor of deterrence. The nature and circumstances of the offense,

the need to assure the safety of the public, and the need to deter any future misconduct by defendant, lead me to conclude that early termination of supervision is not appropriate at this time. Defendant has served about 20% of his term of supervised release.  The Court believes supervision is crucial to assist defendant in maintaining his status as a law-abiding, productive member of the community.  Moreover, supervised release is not unduly burdensome, particularly when I consider the gravity of the crime.

Therefore, I shall deny the Motion.  An Order follows.


Date:   July 1, 2026                                        _____/s/_____
                                                           Ellen L. Hollander
                                                           United States District Judge